EDWARD REIHING, APPELLANT, v. LOCAL UNION, No. 52, INTERNATIONAL    BROTHERHOOD    OF    ELECTRICAL WORKERS, RESPONDENT.

Submitted December 8, 1919—Decided March 1, 1920.

A written agreement expressing terms and conditions of employment provides, that no man not a member of the union and hold-ing a working card or permit from the local union shall be em-ployed at any time by the contractor, except work covered and controlled by another local union; and that labor shall not be furnished to anyone not a regular contractor, unless the prevail-ing rate of labor charged by a union is paid for the same; and that any firm, corporation or individual engaged in such con-tracting trade refusing to sign the agreement will be considered unfair by the local union. Such agreements were not within the purview of the statute (*Pamph. L.* 1913, *p.* 25, *ch.* 13), known as one of the anti-trust laws. *Brennan* v. *United Hatters*, 73 *N. J. L.* 729, distinguished.

On appeal from the Supreme Court.

For the appellant, *Press & Press.*

For the respondent, *Henry Carless.*

The opinion of the court was delivered by

BLACK, J.  In this case, there are three counts in the plaintiff's complaint.  The case coming on for trial before Judge Worral F. Mountain and a jury, the trial judge non-suited the plaintiff on the first and third counts.  A verdict was directed for the plaintiff on the second count for $90.

The appeal is from the judgment of nonsuit entered on the first and third counts. The ground of appeal, is that the ruling of the trial judge is erroneous and illegal. As to the first count, it is sufficient to say, that it charged the defendant with maliciously interfering with the plaintiff's contract of employment, that his employer, George R. Boyce, discharged him because he was not a member of the union. The evidence produced by the plaintiff shows, that he was not a member of the defendant union, that he left his employment with George R. Boyce of his own volition. On this count, the proof manifestly failed. In view of this evidence, the judgment of nonsuit entered on the first count was not error.

The third count alleges, that the defendant had entered into agreements with all the master electricians in the city of Newark and vicinity thereof, or a greater number of them; by reason of such agreements, the defendant is to provide and the master electricians are to take and hire such persons only who are members of the defendant organization, that said agreements are contrary to and in violation of *Pamph. L.* 1913, *p.* 25, *chap.* 13; that, by said agreement, the plaintiff, not being a member of the defendant organization, is unable to carry on his trade of electrician. A copy of the agreement is returned with the record. In effect, the agreement is a written understanding of collective bargaining between the parties expressing and speaking the terms and conditions of employment, for a given period of time and providing that the employers will employ only union men. The parts pertinent to this discussion are: section seven which provides: "No man not a member of the I. B. E. W. (the defendant), and holding a working card or permit from this local union, shall be employed at any time by the party of the first part (the contractor), at electrical work, except work covered and controlled by another local union of the I. B. E. W." Section nine: "Labor shall not be furnished to anyone not a regular electrical contractor unless the prevailing rate for labor charged by the electrical contractor is paid for the same." Section eleven: "Any firm, corporation, or individual engaged in the elec-

trical contracting trade refusing to sign this agreement will be considered unfair by this local union."

The statute in question is one of those popularly known as the "seven sisters" or "anti-trust laws." The title is an act to define trusts, and to provide criminal penalties and punishment of corporations, to promote free competition in commerce and all classes of business, &c. It speaks in terms of business or commerce produce, merchandise or commodity. It provides for penalty. The offence is a misdemeanor. In addition to such punishment provided on conviction of a misdemeanor, the charter of an offending corporation may be revoked by the attorney-general of the state. It does not provide for the recovery of damages by a civil action. It is quite clear that the case under consideration is not brought within the terms or spirit of that statute. This is the only point considered or decided by the court. The statute in question, therefore, does not help the plaintiff's case.

It is urged, even though the above statute is not applicable, the case is controlled by our decision in the case of *Brennan* v. *United Hatters,* 73 *N. J. L.* 729; and by the case of *Connors* v. *Connolly,* in the Supreme Court of Errors of Connecticut (86 *Atl. Rep.* 600), and under those cases, a right of action can be maintained under the common law. This case is clearly distinguished from those cases on essential points. They are not applicable. In the former, the gist of the action was the damage caused to the plaintiff by unwarranted interference with him in his employment as a hatter. That case is cited with approval in the Connors case.

We conclude, that it was not error for the trial court to enter a judgment of nonsuit. The judgment is therefore affirmed, with costs.

WHITE, J. (concurring). An electrician of twenty-five years' standing, is suing the local electrical union, from which he was excluded and his temporary card annulled upon his failure (as alleged by the examining committee) to pass its technical entrance examination. He complains:

Count 1. That defendant maliciously interfered with his employment by demanding that one Boyce, his employer, discharge him because his union card had been taken away from him, which Boyce thereupon did.

This count is based upon the decision of this court in *Brennan* v. *United Hatters,* 73 *N. J. L.* 729, but the undisputed evidence, including the testimony of plaintiff himself, showed that Boyce did not discharge him nor did defendant demand such discharge under threat of strike or otherwise, but that, on the contrary, plaintiff left Boyce's employment of his own volition. I agree that the trial judge properly nonsuited upon this count because of failure of evidence to support it.

Count 2. That defendant improperly retained plaintiff's initiation fee. A verdict of recovery for this was directed by the trial court and no appeal has been taken.

Count 3. That defendant entered into what are known as "closed shop" agreements with all or nearly all the electrical contractors in plaintiff's neighborhood, which agreements were unlawful because in violation of chapter 13 of the laws of 1913, thereby illegally depriving plaintiff, who had been refused entrance to the union as aforesaid, of opportunity to obtain employment and earn his living at his chosen trade. The court directed a nonsuit upon this count.

Chapter 13 of the laws of 1913 declares illegal and indictable as a trust any agreement between two or more persons, &c., which, *inter alia,* precludes a free and unrestricted competition  *  *  *  in the sale  *  *  *  of any article or *commodity,* by pooling  *  *  *  or selling at a fixed price, or in any other manner in which the price may be affected. It is claimed that the subject-matter of these "closed shop" agreements, namely, labor, falls within the meaning of the word "commodity." The act itself, however, defines its meaning of "commodity" as being "natural products, manufactured products, and goods, wares and merchandise." Clearly labor does not fall within this definition.

For the reasons herein stated I vote for affirmance.

I am requested to say that·Mr. Justice Parker concurs in the views expressed in the foregoing memorandum.

*For affirmance*—THE ·CHANCELLOR, CHIEF ·JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, ·HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 13.

*For reversal*—None.